Judge Rowan
delivered the opinion of the court.
This was an action of covenant, for the recovery of damages for a non-compliance with his covenant by defendant. The following is the covenant: * ⅞
“I promise to pay unto Daniel Morgan, the one third part of the' crop of corn I have growing on the plantation I now occupy, to be shucked and delivered in the heap, in November next, and I am to j%ld up quiet and peaceable possession of the aforesaid premises on the 1st day of Marcl| next — witness &c. July 19th, 1815."
“HARRIS BALLARD, (l. s.)’>.*
Of which defendant having prayed' oyer, pleaded To plaintiff’s declaration two pleas. The second of which need only be noticed: It is, in substance, that the defendant, at the time of the execution of the said writing was, and for a long time before had been, the tenant (of a certain tenament) to Horatio' Catlett; that he then did, and for a long time before had, occupied the said tenement, as tenant to the said H Catlett; that the said Catlett was, and bad been, then, and during the time aforesaid, his landlord rightfully; that the said plaintiff, well knowing the .premises, did, by persuasion and misrepresentation, and by imposing upon the ignorance of theMcfendant, in asserting; that be had a better tille to the lana, and would turn him out of doors, induced him the said defendant, to attorn to him the said plaintiff, and to renounce his tenure from and through the said Horatio Catlett, and to seal and áig-n the said writing obligatory, as a lease from and under the said plaintiff,-by reason &e. To this plea there was ¿ general demurrer and joinder, and thereon a judgment for defendant; to reversewhich plaintiff sued out (his writ of error.
** ‘s contended that the plea aforesaid was not a good bar 1° plaintiff’s demand, and that the court below erred in overruling plaintiff’s demurrer thereto. It is a rule of law that a-general demurrer admits the truth of all the facts which are well pleaded. ⅛ the declaration-plea, -&c. in which they are contained. The terms uwell pleaded” mu'ét,,un-der the existing statutes in relation to pleading, as well as the modern and more enlightened decisions on that subject, be interpreted in reference to substance in contradistinction to form. Indeed defects in substance only, are embraced- *559 by a general demurer. Those of form, are thereby waived. To ascertain the substantial goodness of a plea, two inquiries are to be made, 1st. Is the matter thereof'a legal bar to plaintiffs demand? 2d. Is that matter so definitely and specifically stated therein, as to apprise the plaintiff thereof distinctly — -or, in other words, does the plea convey to plaintiff, intelligibly, notice df the substantial facts therein al-ledged? This plea, we think, viewed as a notice to plaintiff of the matters therei® contained, possessed the legal requisites. It remains to enquire into the legal effect of its import. The relation of landlord and tenant is one of much importance, and great frequency in society; to define its liabilities and enforce its duties, in reference both to landlord and tenant, has employed not less the attention of the judges, than the skill and vigilance of the legislature, not only of this state, but of that whence this sprang, and of the country from which that emerged. In all the statutes and decisions in those countries, upon that very interesting relation, the fidelity of the tenant to his landlord in regard to the leased premises and his tenure thereof, has been regarded as a fundamental duty; one which not only ought not to be, but cannot be, effectually violated: this duty savors of the realty, whence it springs, ranks the duties springing from personal chattels, as they are ranked by the realty, and partake? of the stability and fixture of the latter. It is importafet to the landlord, that this fidelity should be of this inviolable sort, but it is still more so to the tenant. For as the soil is the source of all human sustenance, none could bnsustained on any other principle than that of the fidelity of the tenant, but the proprietors thereof. It is, therefore, necessary to the sustenance of that portion of mankind, who are, bv theif destiny, excluded from proprietorship therein, that this principle should prevail — -for upon no other could they subsist — -they would not be permitted by the proprietors to occupy as tenants, if their tenures might be thereby lost or jeopardised.
A con'ract⅛ w;th á tenant' ylyehy he 1 waiord and Mh>rn to ano-' ®?r" ^p!einducid in !»⅞-.
A contract, therefore, in violation of this great principle, must be intrinsically vicious. It is called great, in refer-ene’e to its influence and consequences. In all contracts good faith should be observed, and the violation of it is in no instance, in relation to any class of transaction, sanction-edor connived at by the law. But a contract based upon the violation of the good faith of the tenant, to bjs landlord, in relation to the leased-tenement, eonfemplafirig; a di.vesti- *560 ture of the possession of the landlord, by the perfidy of tlf% tenant, is corrupt on principle, and void in law. But this contract is moreoverin violation of the lfiihsec. of theactto regulate conveyances, vvhich declares that the attornment of á tenant toa stranger, shall be void, unless with the consent of the landlord of such tenant, &c. See 1st Littell, page 573, and is therefore void on that ground. The matter of this plea, therefore, forms, in our opinion, a good bar to plaintiff’s action, which renders any notice Of the othér plea unnecessary, as one good bar is sufficient.
Hardin and Bibb for plaintiff in error.
The judgment of the court, below must be affirmed with costs.